## SECURITY BENEFIT ASSN v GARNICH

Ohio Appeals, 9th Dist, Summit Co

No 2420. Decided Feb 28, 1935

Sieber & Sieber, Akron, for plaintiff in error.

Carl M. Myers, Akron, and W. M. Giffen, Akron, for defendant in error.

## OPINION

By STEVENS, J.

Concerning defendant's first claim, the record clearly shows that the insured had been under the care of Dr. Hollingsworth for some years, and that on Sept. 16, 1930, approximately 30 days before making the application in question here. she had been examined by Dr. Jukes, at the Akron Clinic, and a diagnosis of degenerative heart disease, or auricular fibrillation, congestive heart failure, and chronic nephritis, made, but there is a dispute in the record as to whether these findings were made known to the insured.

The record further discloses that before the issuance of the policy to decedent in 1929. a medical examination of her was made by defendant, at which time she was passed by defendant's examining physician as a fit subject for insurance, and there was evidence tending to prove that her physical condition during all of the time from the date of making the second application to and including the date of delivery of the second policy, was no different than it had been for several years prior thereto, and that it was substantially the same as it was at the time said medical examination was made by the defendant, after which the original policy was issued.

In submitting the cause to the jury, the court treated the answers referred to in claims 1 and 2 as warranties and charged that if they were untrue, plaintiff could not recover, notwithstanding the fact that she may not have known that they were untrue and her conduct was in no sense fraudulent; and as to claim 3, the court charged the jury that if it found that the insured was not in sound or good physical condition or health at the time the certificate was issued, the plaintiff could not recover, and the court also charged that the burden of proof was upon the defendant to prove, by a preponderance of the evidence, either that said warranties were untrue or that plaintiff was not in sound or good physical condition or health at the time the certificate was issued.

At the time we first considered this case, we applied the provisions of §9391, GC, to claim No. 1, which involved what was said to be a false answer in the application, but upon our attention being called to the matter in an application for a rehearing, we have determined that the provisions of said section are not applicable to fraternal benefit insurance. Since so determining we have reread and reconsidered the evidence shown by the record, and as to claim No. 1 we have unanimously reached the conclusion that the finding of the jury that the defendant had not proved, by a preponderance of the evidence, that the answer to said question was untrue, is not contrary to the manifest weight of the evidence.

As to defendant's second contention, concerning the warranty that Anna Francis was, at the time of making the application, "in sound physical and mental condition and a fit subject for life insurance," we are of the opinion that defendant has failed to establish the falsity of that statement by the required degree of proof. The question as to whether Mrs. Francis was "in sound physical condition and a fit subject for life insurance," was essentially a question of fact for the jury, and having been submitted to a jury under proper instructions, and the jury's verdict having been returned thereon, we are unable to say that the verdict so returned is manifestly against the weight of the evidence.

**Sovereign Camp v Clelland, 10 Oh Ap 210.** Upon the question as to whether or not the applicant. Mrs. Francis, was in good health at the time of delivery of the policy in suit, the case of **Metropolitan Life Ins. Co. v Howle, 62 Oh St 204,** syllabus 2, is urged by defendant as being decisive. That syllabus is:

"2. Where a life insurance policy contains a condition to the effect that no obligation is assumed by the company, unless at the date of the policy the insured is alive and in sound health, there can be no recovery upon such policy if it is made to appear upon the trial that the insured was not in sound health at the date of the policy."

Whether it was "made to appear upon the trial that the insured was not in sound health at the date of the policy," was a question which it was peculiarly the province of the jury to determine, and in this case the jury has determined that question adversely to the contentions of defendant. It thus becomes apparent that it was not made to appear upon the trial, to the satisfaction of the jury at least, that the insured was not in sound health at the date of the policy, and accordingly said case is not in any way decisive here; and we are unable to unanimously conclude that the finding of the jury in reference thereto is manifestly against the weight of the evidence.

It is true that defendant has pleaded the conditions contained in the by-laws and regulations as set out above, which are made a part of the policy in suit, but even as to those, considered strictly as conditions, the burden of proving the breach thereof was' upon the defendant; the breach of such provisions being matter of defense.

Mumaw v West. & So. Life Ins. Co., 97 Oh St 1, syllabus 3.

Prudential Ins. Co. v Zimmer, Admr., 97 Oh St 14.

Upon the record as a whole, we are unanimously of the opinion that substantial justice has been done in this case, and the judgment will accordingly be affirmed.

FUNK, PJ, and WASHBURN, J, concur in judgment.